UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
COURTNEY DIXON,

                    Plaintiff,

          - against –

R.J. PHOTOMANIA, INC., et al.

                    Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

10 CV 1454 (RJD) (CLP)

DEARIE, Chief Judge.

        In this action seeking to recover alleged unpaid wages, Magistrate Judge Pollak ordered defendants R.J. Photomania, Inc. and Iosif Abramov to show cause why sanctions should not be imposed for defendants' failure to participate in discovery. Defendants did not appear or otherwise respond. In a Report and Recommendation ("R&R") dated November 2, 2010, Judge Pollak recommended striking the Answer in this case and entering a default judgment against defendants. By letter dated November 22, 2010, defendants lodged untimely objections, calling the proposed penalties "harsh" and "disproportionate" given the "slight prejudice" to plaintiff. (Object., Dkt. #19, at 2.)

        This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). As defendants' objections were untimely, the Court "need only satisfy itself that there is no clear error on the face of the" R&R. Urena v. People, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks omitted).

        "[T]he sanction of judgment by default, although most severe, is within the discretion of the trial judge." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). Federal Rule of Civil Procedure 37(b)(2)(A) lists potential sanctions for a party's failure to comply with a discovery

order, including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Rule 37(d)(1)(3) authorizes identical sanctions, absent violation of a court order, "where there has been a complete failure to comply with discovery." Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 2008).

Although defendants' attorney takes issue with labeling defendants' conduct a "total failure," the record permits no other conclusion. Defendants' failure to file timely objections to the R&R is illustrative of a broader and repeatedly demonstrated indifference to the discovery process. Since filing their Answer almost two months late in May 2010, defendants have not provided initial disclosures, have ignored plaintiff's interrogatories and document requests and have failed to appear in response to an Order to Show Cause, notwithstanding the warning "that defendants' failure to respond to plaintiff's discovery requests or to contact the Court would result in a recommendation of sanctions." (R&R, Dkt. #15, at 2-3.) Only the threat of an impending judgment has prompted a response.

Nevertheless, Rule 37 "must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law." Flaks, 504 F.2d at 708; cf. Societe Internationale v. Rogers, 357 U.S. 197, 208 (1958) (cautioning against dismissal for violation of a discovery order where "failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of" the noncompliant party). In this vein, defendants' attorney, Demetrios Adamis, submits that his own failings should not deprive his clients of their day in court. For example, Mr. Adamis states that he received documents from his clients during September 2010, but "was engaged on other matters" and could not "complete [his] review and produce appropriate responses." (Object. at 1.) Although Mr. Adamis states "that the documents are in his possession and can be produced in short order," (id. at 2), plaintiff's counsel confirms

2

that defendants have made no such production to date. Further, although Mr. Adamis claims to have informed plaintiff several months ago that he was too busy to tend to the document production, this says nothing about defendants' myriad other failures, including their ignoring the Order to Show Cause. Indeed, "other than filing an Answer, Defendant[s] ha[ve] wholly failed to participate in discovery or defend this action in any way." Buffalo Laborers Welfare Fund v. Elliott, 2008 WL 907385, at *1-2 (W.D.N.Y. 2008) (finding such a willful failure to "justify[] the striking of [defendant's] Answer and the entry of default").

The day in court belongs as well to plaintiff, who is entitled to discovery regarding her claims. Before terminating the action, however, the Court is obliged to consider "the suitability of lesser sanctions" and to "assess the relative roles of attorney and client in causing the delay." Dodson v. Runyon, 86 F.3d 37, 39-40 (2d Cir. 1996) ("[T]he more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer."). Defendant's attorney squarely shoulders blame for the delays here. Accordingly, the Court adopts the findings and conclusions within the R&R, subject to the following conditions:

(1) If defendants provide all outstanding discovery, including initial disclosures, interrogatory responses and all relevant, non-privileged documents, on or before April 30, 2011, then no default judgment will be entered and the action may proceed.

(2) Since the failures at issue are not "substantially justified," the Court justly orders Mr. Adamis to reimburse plaintiff her reasonable costs, including attorney fees, incurred in connection with preparing the October 5, 2010, motion to compel and December 2, 2010, response to defendants' untimely objections to the R&R. See Fed. R. Civ. P. 37(b)(2)(C) &

3

(d)(3). The Court directs plaintiff to submit an affidavit with supporting documentation via ECF, along with a proposed Order directing payment by Mr. Adamis.

(3) Mr. Adamis must reimburse plaintiff her reasonable costs and attorney fees within thirty (30) days of the date on which the Court orders payment.

Any failure by defendants or their counsel to comply with the foregoing conditions, or to comply with any future discovery deadline, will require the entry of a default judgment as recommended by Magistrate Judge Pollak.

SO ORDERED.

Dated: Brooklyn, New York
March 22, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge